IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DENNIS WELDON, JR.<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER J. NORROD; OFFICER C. SOBADJIAN; SARGENT C. HUTCHENS; and CLAYTON COUNTY POLICE DEPARTMENT;<br><br>        Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:17-cv-865-CW-BCW<br><br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

      District Judge Clark Waddoups referred this matter to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Plaintiff Dennis Weldon, Jr. ("Plaintiff"), appearing *pro se*, brings this civil rights case against the Clayton County Police Department and three Clayton County police officers (collectively, "Defendants").  The Court takes judicial notice that Clayton County is located in the state of Georgia.[2]  In his Complaint, Plaintiff alleges that Defendants falsely detained and arrested him without probable cause, failed to read him his rights under *Miranda v. Arizona*[3] upon his arrest, and targeted him based on his race.[4]

---

[1] Docket no. 4.
[2] Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").
[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).
[4] Docket no. 3 at 3-5.

1

This Court previously granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 ("IFP Statute").[5] Under the IFP Statute, the court must dismiss a case if it determines that the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune.[6] The IFP Statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

In determining whether a complaint fails to state a claim for relief under the IFP Statute, the Court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] Under that standard, courts "look for plausibility in th[e] complaint."[9] In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[10] At the same time, because Plaintiff is proceeding *pro se*, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers."[11]

In limited circumstances, a court may *sua sponte* dismiss a complaint under § 1915 for lack of personal jurisdiction or improper venue (and other affirmative defenses) only when those

---

[5] Docket no. 2.
[6] 28 U.S.C. § 1915(e)(2)(B)(i-iii).
[7] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[8] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[9] *Id.* at 1218 (quotations and citations omitted) (alteration in original).
[10] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (alterations in original).
[11] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

defenses are evident from the face of the complaint and no further factual development is necessary.[12]  In other words, the court may "dismiss under § 1915 only if it is clear that [the plaintiff] can allege no set of facts . . . to support personal jurisdiction or venue."[13]

Notwithstanding his *pro se* status, Plaintiff "bears the burden of establishing personal jurisdiction"[14] over Defendants, as well as the burden to show that "venue is proper as to each claim and as to each defendant."[15]  Plaintiff has failed to do so in that he does not allege that this Court has personal jurisdiction over Defendants or that venue is proper in the District of Utah.  Rather, Plaintiff filled out a pre-printed form complaint from this Court and checked the box alleging that jurisdiction is proper here based on 42 U.S.C. § 1983.[16]  Moreover, Plaintiff has failed to set forth any facts aimed at conduct occurring in Utah.  Other than the pre-printed heading on the caption, there is no reference to Utah anywhere in the Complaint.  None of the events complained of occurred in Utah, nor are any of the parties residents of Utah.  Specifically, the events alleged occurred in Georgia, and all parties reside in Georgia.  Plaintiff is a resident of Atlanta and Defendants reside in Jonesboro, a suburb of Atlanta.[17]  Accordingly, Plaintiff has not demonstrated to this Court that it has personal jurisdiction over any of the defendants, and it is obvious from the face of the Complaint that venue is not proper in the District of Utah.

Nevertheless, if a court determines that it lacks jurisdiction over a civil action, it may transfer the matter to a more appropriate district.  As noted by the Tenth Circuit, "[a] court may

---

[12] *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quotations and citation omitted).
[13] *Id.* (quotations and citation omitted) (first alteration in original).
[14] *Kuenzle v. HTM SportUnd Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996) (citation omitted).
[15] *Gwynn v. TransCor Am., Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998).
[16] Docket no. 3 at 1.
[17] Docket no. 3 at 1-2.  *See also* Fed. R. Evid. 201(b).

*sua sponte* cure jurisdictional and venue defects by transferring a suit . . . when it is in the interests of justice."[18]  Specifically, under 28 U.S.C. § 1631, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."[19]  To determine whether transfer is in the interest of justice, courts look at "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if . . . it was clear at the time of filing that the court lacked the requisite jurisdiction."[20]

Considering these factors, this Court concludes that the interests of justice do not require the transfer of Plaintiff's case to the Northern District of Georgia.  First, it does not appear that Plaintiff's claims would be time barred if he were to refile them in Georgia, as the events alleged in the Complaint occurred less than a year ago.  Second, it is unclear at this point whether Plaintiff's claims have merit.  While Plaintiff alleges that Defendants did not have probable cause to detain and arrest him, he also claims he made a "deal" with Sargent Hutchens that if Plaintiff turned over any marijuana he possessed, he would receive only a ticket if it was under an ounce.  Plaintiff also stated that Sargent Hutchens stated he could smell something coming from Plaintiff's bag.

Moreover, Plaintiff may not recover under § 1983 for Defendants' alleged failure to read him his *Miranda* rights.  Officers who fail to advise an arrested person of his rights are not subject to civil liability; instead, failure to provide *Miranda* warnings "requires, at most, only

---

[18] *Trujillo*, 465 F.3d at 1222.
[19] 28 U.S.C. § 1631.
[20] *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citations omitted).

that any confession made in the absence of such advice of rights be excluded from evidence.  No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act."[21]  And Plaintiff's assertion that Defendants targeted him because of his race are conclusory and do not explain the basis for this allegation.  Although the pleading standard contained in rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[22]

Finally, it does not appear that Plaintiff's claims were necessarily made in good faith.  It was patently obvious at the time of filing that this Court does not have jurisdiction over Defendants and that venue does not lie.  While the Court does not hold a *pro se* plaintiff to the same standard as it would an attorney, it is frankly baffling to the Court why Plaintiff chose to file his action in Utah.

Because Plaintiff has failed to meet his burden of establishing that this Court has personal jurisdiction over Defendants and that venue is proper in the District of Utah, this Court recommends that Plaintiff's Complaint be dismissed.  At the same time, however, the Court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[23]  Accordingly, out of an abundance of caution and fairness to Plaintiff, and notwithstanding the likely futileness of permitting Plaintiff to amend his Complaint, this Court also recommends that Plaintiff be allowed to amend his Complaint to

---

[21] *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).
[23] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

conform it to the pleading obligations outlined above. If Plaintiff fails to timely cure the above deficiencies within 30 days from the date this Recommendation is adopted, the magistrate judge will recommend that this action be dismissed.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice and Plaintiff be given thirty (30) days after adoption of this Report and Recommendation to cure the deficiencies outlined above.

Copies of this Report and Recommendation are being sent to Plaintiff who is hereby notified of his right to object.[24] Within fourteen (14) days after being served with a copy, Plaintiff may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

IT IS SO ORDERED.

DATED this 12 January 2018.

Brooke C. Wells
United States Magistrate Judge

---

[24] *See* 28 U.S.C. § 636(b)(1).