IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DENNIS WELDON JR.,<br><br>                  Plaintiff,<br><br>v.<br><br>OFFICER J. NORROD; OFFICER C. SOBADJIAN; SARGENT C. HUTCHENS; and CLAYTON COUNTY POLICE DEPARTMENT,<br><br>                  Defendants. | **MEMORANDUM & ORDER AFFIRMING IN PART AND REVERSING IN PART REPORT & RECOMMENDATION**<br><br>Case No. 2:17-cv-865<br><br>Judge Clark Waddoups |

      Plaintiff Dennis Weldon Jr., proceeding pro se, brings this action under 42 U.S.C. § 1983 against Defendants Officer J. Norrod, Officer C. Sobadjian, Sargent C. Hutchens, and the Clayton County Police Department, alleging Defendants violated his Fourth Amendment constitutional rights. The action was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Brooke C. Wells under 28 U.S.C. 636(b)(1)(B). (ECF No. 4.) The matter is now before the court on a Report and Recommendation from Magistrate Judge Wells, dated January 12, 2018, in which she recommends that the action be dismissed but that Mr.Weldon be permitted to cure the deficiencies in his Complaint within fourteen (14) days after service of this order. (ECF No. 5.) The Report & Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

      Twenty-four days have passed since Magistrate Judge Wells entered her recommendation, and it remains unopposed. *See* Fed. R. Civ. P. 72(b)(2) (permitting a party,

within fourteen days of being served, to file written objections). Therefore, the court "may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Because Mr. Weldon is proceeding pro se, the court must liberally construe his pleadings, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but it cannot advocate for him, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After careful review of the record, applying a de novo standard of review, the court AFFIRMS and ADOPTS Magistrate Judge Wells's recommendation that Mr. Weldon's complaint be dismissed. The Complaint alleges no facts that would support this court's exercise of jurisdiction over these Defendants. And there are no facts that indicate Utah is the proper venue for this action. Additionally, justice does not require this court to transfer the action because it does not appear Mr. Weldon's claims are at risk of being time-barred, given that his arrest occurred on February 23, 2017.

The court REVERSES, however, the recommendation that Mr. Weldon be allowed to amend his complaint. The arrest about which Mr. Weldon complains apparently took place in Clark County, Georgia, and has no apparent connection to the State of Utah. Therefore, this court does not have specific jurisdiction based on the facts as plead and there are likely no facts that could support specific jurisdiction because the activities that give rise to the claim occurred in Georgia. Further, Mr. Weldon resides in Georgia, and his complaint states that each of the three individual Defendants is a citizen of Georgia; he makes no allegation as to the location of Clayton County Police Department.[1] Thus, Mr. Weldon has conceded that the court does not

---

[1] The court takes judicial notice that Clayton County is located in the state of Georgia. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

have general jurisdiction. Because the odds that Mr. Weldon could plead, contrary to his original allegations, facts supporting general jurisdiction and venue are so slim, the court concludes that permitting Mr. Weldon to amend his complaint in the District of Utah would be futile and would simply delay him from filing in a court where jurisdiction and venue would both be proper. This action is DISMISSED without prejudice.

DATED this 5th day of February, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge